IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PONS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WALTER KIDDE PORTABLE EQUIPMENT INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03436-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS; DISMISSING COUNTS I AND II FOR LACK OF STANDING** |

　　　　Before the Court are two motions: (1) defendant Walter Kidde Portable Equipment, Inc.'s ("Kidde") Motion, filed September 18, 2023, "to Dismiss Class Action Complaint"; and (2) defendant BRK Brands, Inc., d.b.a. First Alert's ("First Alert") Motion, filed September 18, 2023, "to Dismiss Complaint." Plaintiffs Stephen Pons ("Pons"), Caroline Goodman ("Goodman"), and Stanley Wolken ("Wolken") have filed a consolidated opposition to both motions, to which Kidde and First Alert have separately replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

　　　　In their Complaint, plaintiffs assert three state law claims under, respectively, California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"), all arising from purchases by Pons and Goodman of "Kidde ionization-only devices" (see Compl. ¶¶ 16-17), and purchases by Wolken of "First Alert ionization-only devices" (see Compl. ¶ 18). The front packaging of

---

[1] By order filed November 27, 2023, the Court took the matters under submission.

1    each such product describes the contents as a "Smoke Alarm" (see Compl. ¶¶ 41, 49,
2    55, 64, 72, 79, 85), which descriptor, plaintiffs allege, is false and/or misleading for the
3    asserted reason that ionization detectors, while able to, "under certain conditions, . . .
4    detect flame and related heat from hot, flaming fires," are "ineffective at detecting smoke
5    from smoldering fires in a timely fashion" (see Compl. ¶ 4) because they "will not sound
6    unless and until the fire has progressed to a hot, flaming fire" (see Compl. ¶ 31).

7    Defendants argue plaintiffs' claims are subject to dismissal for several reasons,
8    which the Court considers in turn.

9    **A.  All Claims: False or Misleading Statement**

10   To the extent defendants seek dismissal of all Counts on the ground plaintiffs have
11   failed to allege the packaging contains a false or misleading statement, the Court is not
12   persuaded.

13   At the outset, although the Court finds the phrase "Smoke Alarm" on the front of
14   the packaging is not unambiguously deceptive, in that the representation is that an alarm
15   will sound when the device detects smoke, and plaintiffs acknowledge in the Complaint
16   that the device sounds an alarm when it detects smoke (see Compl. ¶¶ 4, 25-27), the
17   phrase is arguably ambiguous as to whether the device will sound an alarm irrespective
18   of the type of fire or only if the smoke is the result of a certain type of fire.

19   Next, as defendants request, the Court considers whether language contained in
20   other parts of the packaging resolves the ambiguity.  See McGinity v. Proctor & Gamble
21   Co., 69 F.4th 1093, 1098-99 (9th Cir. 2023) (holding where front label is ambiguous
22   rather than "unambiguously deceptive," ambiguity "can be resolved by reference to the
23   back label").  In that regard, the Court finds the assertedly clarifying language on which
24   defendants rely is, at the pleading stage, insufficient to resolve the ambiguity.  In
25   particular, those disclosures inform the purchaser that there are two types of smoke
26   detectors, identified as "ionization" and "photoelectric," and state, in essence, that
27   ionization detectors detect smoke from smoldering fires but not as fast as photoelectric
28   //

1  detectors.[2]  As set forth above, however, plaintiffs' allegation is not that ionization

2  detectors detect smoke from smoldering fires more slowly than photoelectric detectors,

3  but, rather, that they cannot detect a smoldering fire at all, an allegation the Court

4  assumes is true at the pleading stage.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007)

5  (holding, "when ruling on a defendant's motion to dismiss, a judge must accept as true all

6  of the factual allegations contained in the complaint").

7  Accordingly, the Complaint is not subject to dismissal for failure to allege a false or

8  misleading statement.[3]

**B.  Claims on Behalf of Wolken:  Rule 9(b)**

To the extent First Alarm contends all claims asserted by Wolken are deficient for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure, the Court again is not persuaded.

Under Rule 9(b), "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation and citation omitted).

---

[2] Kidde relies on the following language that, depending on the model, is found on the back or the "underneath" sides of the packaging:  "Ionization sensing alarms may detect invisible fire particles (associated with fast flaming fires) sooner than photoelectric alarms," while "[p]hotoelectric sensing alarms may detect visible fire particles (associated with slow smoldering fires) sooner than ionization alarms."  (See Compl. ¶¶ 44, 50, 75) (emphases in original); see also Compl. ¶¶ 59, 65 (quoting same language but without emphases).)  First Alarm relies on the following language on the back of its packaging: "Ionization technology is generally more sensitive than photoelectric technology at detecting small particles, which tend to be produced in greater amounts by flaming fires" and "[p]hotoelectric technology is generally more sensitive than ionization technology at detecting large particles, which tend to be produced in greater amount by smoldering fires."  (See Compl. ¶¶ 80, 86; see also Barnett Ex. 1.)

[3] The cases on which defendants rely, Zito v. United Technologies Corp., 2016 WL 2946157 (D. Conn. March 11, 2016), aff'd, 673 Fed. Appx. 117 (2nd Cir. 2016) and Bird v. First Alert, Inc., 2015 WL 3750225 (N.D. Cal. June 15, 2005), are distinguishable, in that the plaintiffs therein apparently accepted the assertion on the packaging that ionization detectors can detect smoke from smoldering fires, albeit slower than photoelectric detectors, and instead argued the defendants needed to provide a description of the differences between the two types of detectors in a more explicit manner.  See, e.g., Bird, 2015 WL 3750225, at 9 (challenging explanation's placement "on the side of the package rather than on the front or back" and criticizing "tiny" font as "hard to read").

3

Here, contrary to First Alarm's argument, the Court first finds plaintiffs' allegation that Wolken, "[s]ince November 8, 2019," purchased "five or six First Alarm ionization-only devices" (see Compl. ¶ 96) suffices to plead the requisite "when." Although, in some cases, further details as to dates of purchases might be warranted, in this instance the Court finds Wolken's claims sufficient, there being no suggestion that the language on the packaging has in any manner changed during the period following November 2019. See, e.g., Astiana v. Ben & Jerry's Homemade, Inc., 2011 WL 2111796, at *6 (N.D. Cal. May 26, 2011) (finding, in false advertising case, allegation plaintiff purchased products "since at least 2016" sufficient for purposes of Rule 9(b)).

Second, contrary to First Alarm's argument that the Complaint fails to identify the language on which Wolken relied, the Court finds the Complaint is sufficient, given the allegation that, "based on the 'Smoke Alarm' descriptor prominently displayed on the packaging," Wolken "reasonably believed" the products "would provide timely detection and warning of all common types of home fires." (See Compl. ¶ 97.)

Accordingly, Wolken's claims are not subject to dismissal under Rule 9(b).

## C.  Counts I and II:  Standing to Seek Injunctive Relief

Lastly, defendants argue, plaintiffs lack standing to seek injunctive relief, the relief sought in Count I (UCL) and Count II (FAL).[4]  As set forth below, the Court agrees.

A district court has subject matter jurisdiction only where the plaintiff has "[s]tanding to sue" under Article III of the Constitution. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  To have standing to seek injunctive relief, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future."  See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation and

---

[4] Specifically, plaintiffs seek an order enjoining defendants from "continuing their misleading and deceptive advertising, labeling, and pack[ag]ing practices with respect to ionization-only devices" (see Compl. ¶ 115; see also Compl. ¶ 124; Compl., Req. for Relief ¶ D), and an order requiring defendants to "notify[ ] all Class members about the true nature, and limitations, of ionization-only devices" (see Compl., Req. for Relief ¶ E).

4

citation omitted). "[A] previously deceived consumer" who now knows of the deception "may have standing to seek an injunction against false advertising or labeling," where the complaint includes "plausible allegations" that the plaintiff "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although [he/she] would like to" or that the plaintiff "might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as [the plaintiff] may reasonably, but incorrectly, assume the product was improved." See Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969-70 (9th Cir. 2018) (holding plaintiff had standing to seek injunctive relief where only way to determine whether product falsely advertised as "flushable" wipes were now flushable was to buy product and flush it). Under either scenario, however, the plaintiff must allege facts to support a finding that he/she "desire[s] to purchase the product" in the future. See Stover v. Experian Holdings, Inc., 978 F.3d 1082, 1088 (9th Cir. 2020) (emphasis in original).

Here, plaintiffs allege they purchased defendants' ionization-only devices to "protect themselves, their families, and their homes against fires" (see Compl. ¶ 10), believing, based on the descriptor "Smoke Alarm," that the product was "suitable, by itself, for detecting and timely warning of smoke from any common type of home fire" (see Compl. ¶¶ 47, 83). With regard to purchases of smoke detectors "in the future," plaintiffs allege "they cannot make informed purchasing decisions about what types of products to purchase as long as the [d]efendants continue their misleading and deceptive advertising, labeling, and packaging practices." (See Compl. ¶ 114.)

Plaintiffs do not, however, allege they wish to purchase ionization-only devices in the future. Indeed, such allegation would not appear plausible, given plaintiffs' allegations that, at some point subsequent to their respective purchases, they learned the details about the differences between ionization and photoelectric devices (see Compl. ¶¶ 25-32), and, in particular, that "ionization-only devices will not sound unless and until the fire has progressed to a hot, flaming fire" (see Compl. ¶ 31), leaving them with the realization that ionization-only devices are categorically "unsuitable for protecting them"

in the way they desire, i.e., from all types of fires (see Compl. ¶ 10).

Accordingly, Counts I and II are subject to dismissal for lack of standing.

## CONCLUSION

For the reasons stated above:

1. To the extent defendants seek dismissal of Counts I and II, the motions to dismiss are hereby GRANTED, and Counts I and II are hereby DISMISSED for lack of standing.

2. In all other respects, the motions to dismiss are hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 20, 2023

MAXINE M. CHESNEY
United States District Judge

6