IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| STEPHEN PONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER KIDDE PORTABLE EQUIPMENT INC., et al.,<br><br>Defendants. | Case No. 23-cv-03436-MMC<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |
|---|---|

Before the Court is plaintiffs' "Motion for Leave to Amend Complaint to Substitute Putative Class Representative," filed April 24, 2024, whereby plaintiffs seek to file a proposed First Amended Complaint ("Proposed FAC") for the purpose of substituting Charles Bellavia ("Bellavia") in place of named plaintiff Stanley Wolken ("Wolken"). Defendant BRK Brands, Inc. d/b/a First Alert ("First Alert") has filed opposition,[1] to which plaintiffs have replied. Having read and considered the papers filed in support of and in response to the motion, the Court rules as follows.[2]

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a district court "should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2). "[F]our factors are commonly used" in determining whether leave to amend under Rule 15(a)(2) is appropriate, specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833

---

[1] Named defendant Walter Kidde Portable Equipment Inc. ("Kidde") has filed a Statement of Non-Opposition.

[2] By order filed May 28, 2024, the Court took the matter under submission.

1   F.2d 183, 186 (9th Cir. 1987).

2        In the Complaint, plaintiffs allege Wolken purchased First Alert "ionization-only"
3   smoke detectors, including four "SC9120B devices" (see Compl. ¶ 96) and that the front
4   of the SC9120B package describes it as a "Smoke & Carbon Monoxide Alarm" (see
5   Compl. ¶ 85).  According to plaintiffs, the phrase "Smoke & Carbon Monoxide Alarm" is
6   false and/or misleading for the reason that the product is able to "detect flame and
7   related heat from hot, flaming fires" but is "ineffective at detecting smoke from smoldering
8   fires in a timely fashion" (see Compl. ¶ 4) because it allegedly "will not sound unless and
9   until the fire has progressed to a hot, flaming fire" (see Compl. ¶ 31).  Based on said
10  allegations, Wolken and the other two named plaintiffs assert a claim, on behalf of
11  themselves and a putative class who purchased either a First Alert or Kidde "smoke
12  alarm" with "ionization technology as its only means of detecting smoke or fire," including
13  "combination carbon monoxide and smoke alarm devices."  (See Compl. ¶ 100.)  Said
14  claim, designated "Count III" in the Complaint, is titled "Violation of California's Consumer
15  Legal Remedies Act ['CLRA']."[3]

16       Plaintiffs now seek to substitute Bellavia for Wolken, for the stated reason that
17  Wolken "is experiencing health issues" and "has decided that he is no longer able to
18  adequately serve as a class representative."  (See Ross Decl. ¶ 2.)

19       In opposing the instant motion, First Alert initially argues substitution is improper
20  on the ground that Wolken assertedly lacks standing to bring a CLRA claim against First
21  Alert, and, consequently, cannot seek leave to substitute a new plaintiff.  See Lierboe v.
22  State Farm Mutual Automobile Ins. Co., 350 F.3d 1018, 1023 (9th Cir. 2003) (holding
23  where named class representative "never had standing," it was improper to allow
24  amendment to name "substitute representative").  In particular, although Wolken, in a

---

[3] The two other claims in the Complaint, titled, respectively, "Violation of California's Unfair Competition Law" (Count I) and "Violation of California's False Advertising Law" (Count II), were dismissed by order filed December 20, 2023.  Plaintiffs do not seek to amend those dismissed claims.

verified answer to an interrogatory, avers "he believes he purchased at least four First Alert 'Smoke & Carbon Monoxide Alarm' Model No. SC9120B in Capitola or San Carlos, California" (see Hammargren Decl. Ex. 3 at 3, 9), First Alert points out that plaintiffs have not produced "receipts" of such purchases (see id. ¶ 10).  Plaintiffs have, however, submitted evidence, including a shipping record from First Alert, showing Wolken, in November 2019, contacted First Alert, "complaining of [a] malfunction chirp on his 4 SC9120B's," and that, in response, First Alert "replaced the alarms," which were "under warranty."  (See Supp. Ross Decl. Ex. 3-5.)  In light of such evidence,[4] a reasonable inference can be drawn that Wolken purchased four First Alert smoke detectors prior to November 2019.[5]

The Court thus turns to the above-listed factors relevant to a determination under Rule 15(a)(2).  In that regard, First Alert does not argue the amendment is sought in bad faith, but asserts the remaining three factors weigh against allowing amendment.  The Court next addresses those factors, in turn.

(1) Undue Delay.  First Alert argues Wolken, in seeking to amend, "waited too long," on the ground that "he and his counsel would and should have known of his standing issues" when the Complaint was filed.  (See Def.'s Opp. at 9:7-9.)  As set forth above, however, there is no showing that Wolken lacks standing, and, consequently, no showing that the instant motion is untimely.

---

[4] The Court does not address herein First Alert's Objection to plaintiffs' reply evidence pertaining to the subject purchases, as the Court has not relied on said evidentiary submission in arriving at its decision.

[5] First Alert also contends Wolken's CLRA claim is barred by the statute of limitations but, contrary to First Alert's argument, the case it cites does not stand for the proposition that a plaintiff whose claim is time-barred lacks standing.  See Francisco v. Emeritus Corp., 2018 WL 6070942, at 3 (C.D. Cal. January 10, 2018) (holding plaintiff "lack[ed] standing" to assert wage and hour claims "because he was not employed by [d]efendants during [relevant time period]," and, consequently, could not amend to add new class representative who had standing "based on her dates of employment").  Indeed, the Supreme Court has explained that "filing deadlines ordinarily are not jurisdictional," see Sebelius v. Auburn Regional Medical Center, 568 U.S. 145, 154 (2013), and First Alert cites no authority that the statute of limitations applicable to CLRA claims is jurisdictional.

(2) Prejudice.  First Alert argues the discovery it previously has produced as to the principle issue in the case, the challenged products' ability to detect smoke from a smoldering fire, will have to be redone,[6] as the proposed new plaintiff, Bellavia, alleges he purchased "SC9120LBL" smoke detectors from First Alert (see Proposed FAC ¶ 96),[7] whereas Wolken, as noted, states he purchased "SC9120B" smoke detectors.  According to First Alert, the two products have "different features" and "different constructions," namely, the SC9120B model "has a compartment that can be opened for a replaceable battery," whereas the SC9120LBL model has "a sealed and locked lithium battery."  (See Devine Decl. 6.)  First Alert fails to explain, however, why such difference renders evidence as to the SC9120B models irrelevant as to the SC9120LBL models or otherwise may impact the parties' ability to complete the first phase of discovery.[8]  Consequently, there is an insufficient showing that First Alert would be prejudiced by the proposed substitution.  See DCD Programs, 833 F.2d at 8823, 187 (9th Cir. 1987) (holding "[t]he party opposing amendment bears the burden of showing prejudice").[9]

(3) Futility.  First Alert does not argue it would be futile for Bellavia to assert a claim under the CLRA against First Alert.  As First Alert observes, however, the Proposed FAC includes Counts I and II, which claims, as noted, have been dismissed, and, consequently, bringing those claims on behalf of Bellavia would be futile.  Although

---

[6] At the Case Management Conference conducted January 26, 2024, the Court ruled that the "first phase of discovery" is "limited to whether ionization smoke detectors detect smoldering fires."  (See Civil Minutes [Doc. No. 60].)

[7] The Proposed FAC is filed as Exhibit 1 to the Declaration of Michael K. Ross.

[8] By order filed February 12, 2024, the Court approved the parties' stipulation to complete the first phase of fact discovery by June 28, 2024, and complete expert discovery by August 30, 2024.  Thereafter, by order filed May 16, 2024, the Court approved the parties' stipulation to stay such deadlines in light of the pendency of the instant motion, and directed the parties to submit a proposed revised schedule no later than seven days after the Court's ruling on the instant motion.  Any need to extend the discovery period, in light of the substitution, can be addressed in said submission.

[9] First Alert's Objection to plaintiffs' reply evidence pertaining to product similarity is hereby SUSTAINED.  As noted, however, the burden is on First Alert to demonstrate prejudice.

4

plaintiffs assert the Proposed FAC retains Count I and II "solely to preserve the issues concerning their dismissal in the event of any appeal" (see Pls.' Reply at 12:21-23), repleading for such purpose no longer is necessary.  See Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (overruling prior precedents requiring repleading of dismissed claims; holding dismissed claims need not "be repled in a subsequent amended complaint to preserve them for appeal").  Accordingly, the Court will direct plaintiffs to file an FAC that does not include Counts I and II.

## CONCLUSION

For the reasons stated, plaintiffs' motion for leave to amend is hereby GRANTED, on the condition that plaintiffs file, no later than seven days from the date of this order, its First Amended Complaint, excluding Counts I and II.

**IT IS SO ORDERED.**

Dated: June 5, 2024

MAXINE M. CHESNEY
United States District Judge