UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PONS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WALTER KIDDE PORTABLE<br>EQUIPMENT INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03436-MMC (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 83, 84 |

    This order resolves the parties' discovery disputes at dkts. 83 and 84 in connection with Plaintiffs' requests for production of documents (RFPs) during Phase I of discovery. During the initial case management conference on January 26, 2024, Judge Chesney defined the scope of Phase I discovery to be "whether ionization smoke detectors detect smoldering fires." Dkt. 64 at p. 29, ll. 19–20. With that definition in mind, the Court orders a response to the RFPs as follows.

    1. <u>Joint Letter at Dkt. 83 (RFPs 11, 41, and 42)</u>

    Plaintiffs contend Kidde "has produced just 713 carefully selected documents," and challenge the sufficiency of that production, asserting four arguments. Dkt. 83 at 1, 2.

    <u>First</u>, Kidde's production centers around the position that "[t]he UL test is *the* test and, contrary to plaintiffs' assertion otherwise, the only regular testing that Kidde performs that is relevant to phase one." *Id.* at 5 (emphasis in original). While it is undisputed that the UL 217 testing is relevant, Kidde believes discovery begins and ends with UL 217. But the inquiry into detection of smoldering fires does not end at UL 217 in discovery, and neither the parties nor Judge Chesney have declared such a bright line at this point. Plaintiffs are not alleging a UL 217 violation, but rather a CLRA violation. *Id.* at 2. RFPs 11, 41, and 42 are relevant to the Phase I discovery as defined by Judge Chesney. Plaintiffs' proposal to exclude the 5th and prior editions of UL 217 is a reasonable compromise. *Id.* at 3. Kidde therefore must produce all responsive

documents relevant to detecting smoldering fires, not limited to only those in connection with UL 217, excluding the 5th and prior editions.

Second, Plaintiffs contend that "Kidde refuses to produce any emails [] concerning the UL 217 standard." *Id.* at 2.  Kidde says they did provide "device-specific correspondence" as well as emails resulting from a search using search terms and parameters.  *Id.* 83 at 5.  This stark dispute is indicative of inadequate meet and confer.   The parties are ordered to meet and confer on this issue, including search terms.

Third, Plaintiffs contend that Kidde has refused to produce "any internal emails" or "substantive communications with UL," which may be directed to "real-world efficacy" and "limitations of standards."  *Id.* 83 at 3.  Kidde has produced UL testing data, and argues that the 8th edition "does not bear on the standards in place at the time plaintiffs purchased their devices." *Id.* at 5.  Plaintiffs concede, as noted above, to exclude documents related to the 5th edition of UL 217 and all prior versions.  *Id.* at 3.  As discussed above, Kidde must produce all responsive emails and communications relevant to detecting smoldering fires.  While the 8th edition of UL 217 is not yet in effect, the Court finds it is reasonable to produce documents related to the 8th edition that bear on the ability of the ionization devices at issue to detect smoldering fires.

Fourth, Kidde has produced documents on only the four models of ionization device identified in the complaint and states that "[i]f plaintiffs identify other Kidde models, Kidde will produce the UL file for those models."  *Id.* at 5.  In support of expanding the request to other models, Plaintiffs state the "the ionization technology is the same across all of Kidde models and has been for decades."  *Id.* at 3.  This is insufficient.  To be relevant, Plaintiffs must provide more than the ionization technology is the same.  For example, do the other models use the same hardware or sensors that may (or may not) detect smoldering fires?  The parties are ordered to meet and confer over the applicability of the requests to other models of ionization detector than those identified in the complaint.

2

The Court grants in part Plaintiffs' requests in dkt. 83. The parties are directed to meet and confer by **July 2, 2024**, and Kidde is directed to supplement production in response to RFPs 11, 41, and 42 by **July 9, 2024**, in accordance with this order. To the extent that any disputes remain after the supplemental production and meet and confer process, the parties may submit a joint letter directed to those narrowed disputes.

2. Joint Letter at Dkt. 84 (RFPs 18, 40, 43, and 44)

Defendants challenge both the relevance and proportionality of production with respect to Plaintiffs' RFPs 18, 40, 43, and 44. Again, the parties dispute the scope of Phase I discovery.

Regarding RFP 18, Plaintiffs request "documents sufficient to identify any agents, consultants, or other third parties [] involved in research, study, and testing." Dkt. 84-1 at 2. Kidde characterizes the request as irrelevant and unduly burdensome. First, the Court finds that third party testing and non-UL testing are relevant to Phase I discovery. UL testing is one standard, but other testing may also bear on the issue of whether the ionization detectors can detect smoldering fires. Kidde does not demonstrate why production would be burdensome. The capabilities and limitations are relevant here — the capability to detect smoldering fires, or limitations in detecting smoldering fires. Kidde's proposed compromise of a "reasonable search" is a good starting place, and the parties are directed to further meet and confer.

RFP 40 requests an organizational chart for employees involved in testing. Kidde argues that Plaintiffs already have this information as part of the UL files. UL testing, however, is not the only relevant testing. Kidde must produce responsive documents for all employees involved in testing of ionization devices' ability to detect smoldering fires, not limited to UL-related documents. The parties are directed to meet and confer regarding the time period.

RFP 43 is directed to customer complaints. Kidde objects to the scope of these complaints in terms of time, and argues this request is not relevant and unduly burdensome. Additionally, Kidde argues that such complaints are subjective and may correspond to "idiosyncratic situations."

Dkt. 84 at 4.  The Court agrees such complaints may include too many variables with the risk of capturing irrelevant complaints, and that 25 years of complaints is not reasonable and therefore unduly burdensome.[1]  Customer complaints about the ionization devices at issue, directed to smoldering fires, however, are clearly relevant.  The parties must meet and confer regarding a reasonable time period and a more refined search that focuses on only complaints regarding the ionization devices at issue, the detection of smoldering fires, and for a reasonable period.

RFP 44 is directed to other lawsuits against Kidde, including documents to show each lawsuit, transcripts, and document productions.  Kidde asserts that the requests are not relevant and unduly burdensome.  The Court agrees.  The parties are ordered to meet and confer regarding which lawsuits may be relevant to ionization devices detecting smoldering fires, and what expert testimony may be available directed to the technical question of Phase I.  This request is also vulnerable to an objection based on time.

The Court grants Plaintiffs' requests in dkt. 84 in part, as discussed above.  The parties are directed to meet and confer by **July 2, 2024**, and Kidde is directed to supplement production in response to RFPs 18, 40, 43, and 44 by **July 9, 2024**, in accordance with this order.  To the extent that any disputes remain after the meet and confer process and supplemental production, the parties may submit a joint letter directed to those narrowed disputes.

**IT IS SO ORDERED.**

Dated:  June 25, 2024

_____
Alex G. Tse
United States Magistrate Judge

---

[1] Based on the first amended complaint (FAC) at dkt. 94, the earliest date corresponding to a purchase is in 2019.  FAC ¶ 90.  It is not clear how long the devices at issue have been available for sale.  Plaintiffs must justify the time period of their request.

4