UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PONS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WALTER KIDDE PORTABLE EQUIPMENT INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03436-MMC (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 92 |

    This order resolves the parties' discovery dispute at dkt. 92 over Plaintiffs' Rule 30(b)(6) deposition notice and Topics 8 and 13–23.

    On January 26, 2024, an initial case management conference was held before Judge Chesney. Dkt. 60; dkt. 64. During that conference, Judge Chesney set the scope of Phase I discovery: "whether ionization smoke detectors detect smoldering fires." Dkt. 64 at p. 29, ll. 19–20. As Defendants noted during the January 26 conference, the case is focused "on a single issue of whether these alarms, the ionization alarms, alert on smoldering fires." *Id.* at p. 11, ll. 15–17. For the following reasons, the Court sustains certain objections to deposition topics described in dkt. 92.

    Topic 8 is directed to the "amount of time required to allow sufficient escape and/or adequate notice to home residents in the event of a fire." Dkt. 92-1 at 2. Kidde contends that the topic is too broad and should be limited to smoldering fires. Dkt. 92 at 2. Plaintiffs contend that the escape time is "unrelated to the type or model of smoke detection device." *Id.* at 4. The Court finds that while Phase I discovery is limited to a type of device, escape time is independent of device type and is reasonably relevant to the questions of whether an ionization detect can detect smoldering fires as a practical matter. To the extent any aspect of Topic 8 is not relevant to smoldering fires, i.e., depending on or directed to a fire type that is not smoldering, then that aspect

is outside of the scope of Phase 1. The Court agrees with both proposed compromises: Plaintiffs' narrowing the topic to "smoldering fires" and Kidde "prepar[ing] a witness to testify about Kidde's understanding of the escape time studies it has produced as well as the phase one question." Dkt. 92 at 2, 4. Kidde's objection to Topic 8 is overruled, and the parties are directed to navigate the upcoming deposition subject to the aforementioned.

Topics 13, 14, and 21 are directed to UL standards. UL 217 is relevant, as are any other standards that are directed to smoldering fires. The Court agrees with Kidde that UL standards unrelated to smoldering fires are excluded from Phase 1 discovery. Neither relevant during Phase 1 are the identities of UL board members (Topic 21). *See* dkt. 92; dkt. 92-1 at 3; dkt. 92-1 at 8. The Court also agrees that development of the UL standards and how those standards are set (Topic 14 and a portion of Topic 13) are not relevant in Phase 1. *See* dkt. 92-1 at 3. The Court sustains Kidde's objections as to Topics 14 and 21. The Court overrules Kidde's objection in part as to Topic 13. Topics 13 is limited to the applicable standards to smoldering fires that UL applies or has applied. *See id.* at 2. The Court sustains Kidde's objection to the portion of Topic 13 directed to "how UL sets such testing standards, comments and/or criticisms regarding the standards, proposed and actual revisions to the standards, and the reasons UL has revised its standards over time." *Id*.

Topics 15-18 and 20 are directed to the 8th edition of UL 217. While this standard is not yet in effect, the Court finds that it is relevant to the ability of the ionization devices at issue to detect smoldering fires. Whether or not the devices could be or even need to be certified under the 8th edition is not the same as whether the devices can detect smoldering fires. The standard is relevant to whether the devices can detect smoldering fires, including their "efficacy" in doing so. *See* dkt. 92 at 5. The Court agrees with Plaintiffs' compromise regarding aspects of the 8th edition not directed to smoldering fires. *See id*. Kidde's objection is overruled.

Topic 19 is directed to Kidde's "plans for selling ionization-only devices in the future." Dkt. 92-1 at 7.  The Court finds this topic not relevant to Phase 1 and sustains Kidde's objection.

Topic 22 is directed to consideration paid to UL by Kidde.  Dkt. 92-1 at 8.  The Court finds this topic not relevant to Phase 1 and sustains Kidde's objection.

Topic 23 is directed to communications between Kidde and several entities concerning the ability of the ionization devices to detect smoke from smoldering fires, and related testing.  Dkt. 92-1 at 7.  Kidde's objection to Topic 23 is sustained.  The Court agrees with Kidde's proposed compromise to "conduct a reasonable search for communications with the other entities," and "prepare a witness to testify generally about those communications."  Dkt. 92 at 3.

**IT IS SO ORDERED.**

Dated: July 9, 2024

_____
Alex G. Tse
United States Magistrate Judge