Sean Eskovitz (SBN 241877)
ESKOVITZ LAW LLP
1217 Wilshire Blvd, # 3683
Santa Monica, CA 90403-5466
Tel: 323.821.5836
seane@eskovitz.com

Martin Woodward (admitted *pro hac vice*)
Scott Kitner (admitted *pro hac vice*)
KITNER WOODWARD PLLC
13101 Preston Rd., Suite 110
Dallas, TX 75240
Tel: 214.443.4312
martin@kitnerwoodward.com
scott@kitnerwoodward.com

Michael K. Ross (admitted *pro hac vice*)
Alison K. Van Horn (admitted *pro hac vice*)
Rachel E. Mueller (admitted *pro hac vice*)
Jillian G. Leslie (admitted *pro hac vice*)
AEGIS LAW GROUP LLP
801 Pennsylvania Ave., NW, Suite 740
Washington, D.C. 20004
Tel: 202.737.3500
mross@aegislawgroup.com
avanhorn@aegislawgroup.com
rmueller@aegislawgroup.com
jleslie@aegislawgroup.com

*Attorneys for Plaintiffs Stephen Pons, Caroline Coleman, Charles Bellavia, and Terri Kletzman, on behalf of themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN PONS, CAROLINE COLEMAN, CHARLES BELLAVIA, AND TERRI KLETZMAN on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>WALTER KIDDE PORTABLE EQUIPMENT, LLC d/b/a Kidde Safety Equipment, and BRK BRANDS, INC. d/b/a First Alert,<br><br>*Defendants*. | Case No. 3:23-cv-03436-MMC<br><br>**NOTICE OF PENDENCY OF OTHER ACTION**<br><br>Complaint Filed: August 26, 2024<br>Judge: Hon. Maxine M. Chesney |

### PLAINTIFFS' NOTICE OF PENDENCY OF OTHER ACTION

Pursuant to Local Civil Rule 3-13, Plaintiffs submit this Notice of Pendency of Other Action.

### I.      Title and case number of the other action

The other action is *Michael Stapelman and Tammie Hays, on behalf of themselves and all others similarly situated v. Walter Kidde Portable Equipment, LLC d/b/a Kidde Safety Equipment* ("Kidde") *and BRK Brands, Inc. d/b/a First Alert* ("First Alert"), Case No. 2:25-cv-02413, pending in the Western District of Washington, Seattle Division.  That action is referred to below as "*Stapelman*."

### II.     Brief description of the other action and statement of relationship between the actions

*Stapelman* is a putative class action filed against Defendants Kidde and First Alert on December 1, 2025.  A copy of the Complaint is attached as Exhibit 1.  In that Complaint, Plaintiffs, purchasers of so-called "Smoke Alarm" devices that depend exclusively on ionization technology to detect smoke ("ionization devices"), assert a variety of common-law claims, as well as a claim under the Washington State Consumer Protect Act, RCW §§ 19.86.10 *et seq.,* for false and misleading marketing and labeling of ionization devices as "Smoke Alarms."  *Stapelman* involves the same Defendants as this case, which is also a putative class action.  But, unlike the *Stapelman* case, this case solely involves a claim for false and misleading marketing and labeling under California's Consumer Legal Remedies Act, Cal. Civil Code §§ 1750 *et seq.*

There is no overlap between the Plaintiffs in the two actions.  And the claims asserted in the two cases arise under different legal theories and state laws.  This case involves only California purchasers of ionization devices and asserts only violations of the California Consumer Protection Act.  *Stapelman*, in contrast, involves all purchasers of ionization devices in the United States (except in the State of California) and asserts multistate class claims for breach of warranty, unjust

enrichment, negligent misrepresentation, and intentional misrepresentation, in addition to claims by a Washington subclass for violations of the Washington Consumer Protection Act.

### III. Statement regarding whether transfer should be effected under 28 U.S.C. § 1407

Transfer is not appropriate. *Stapelman* is the only other action and the Complaint was recently filed (on December 1, 2025); Defendants have not yet answered or otherwise responded to that Complaint. In contrast, this case has been pending for nearly two-and-a-half years and has advanced to the merits with a pending motion for summary judgment that will be fully briefed and argued by March 13, 2026. In addition, *Stapelman* does not involve the same Plaintiffs (as there is no overlap between the individual plaintiffs or the putative classes) and concerns certification of a multistate class rather than only a statewide class, as in this case.

### IV. Statement regarding whether coordination between the actions might avoid conflicts, conserve resources, and promote an efficient determination of the actions

Due to the pending motion for summary judgment in this case, it is premature to address at this time whether coordination between the actions is likely to avoid conflicts, conserve resources, or promote an efficient determination of the actions.

Dated: December 3, 2025

Respectfully submitted,

/s/*Michael K. Ross*
Michael K. Ross (admitted *pro hac vice*)
Alison K. Van Horn (admitted *pro hac vice*)
Rachel E. Mueller (admitted *pro hac vice*)
Jillian G. Leslie (admitted *pro hac vice*)
AEGIS LAW GROUP, LLP
801 Pennsylvania Ave., NW, Suite 740
Washington, D.C. 20004
Tel: 202.737.3500
mross@aegislawgroup.com
avanhorn@aegislawgroup.com
rmueller@aegislawgroup.com
jleslie@aegislawgroup.com

Sean Eskovitz (State Bar No. 241877)
ESKOVITZ LAW LLP
1217 Wilshire Blvd, #3683
Santa Monica, CA 90403
Tel: 323.821.5836
seane@eskovitz.com

Martin Woodward (admitted *pro hac vice*)
Scott Kitner (admitted *pro hac vice*)
KITNER WOODWARD PLLC
13101 Preston Rd., Suite 101
Dallas, Texas 75240
Tel: 214.443.4312
martin@kitnerwoodward.com
scott@kitnerwoodward.com

*Counsel for Plaintiffs*

- 4 -
Plaintiffs' Notice of Pendency of Other Action
3:23-cv-03436-MMC